UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| OLUWASEUN FASUGBE and LUKE HUCKABA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>1524948 ALBERTA LTD., a Canadian corporation d/b/a TERRA MARKETING GROUP d/b/a SWIPEBIDS.COM, and JOHN DOE,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:10-2320 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiffs Oluwaseun Fasugbe and Luke Huckaba brought this action against defendant 1524948 Alberta Ltd. d/b/a Terra Marketing Group d/b/a Swipebids.com, alleging violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17606, and other claims. Defendant is a seller of online auction currency and products. (Compl. ¶ 3.) Plaintiffs allege that 1524948 Alberta Ltd. operates under the names Terra

1

1  Marketing Group and Swipebids.com.  (<u>Id.</u> at 1:24.)  Plaintiffs
2  bring this action after having been charged allegedly
3  unauthorized fees by Swipebids.com.  (<u>Id.</u> ¶¶ 34-47.)  Plaintiffs
4  served defendant by serving Davinci Executive Suites in Utah.
5  (Docket No. 13.)  Defendant now moves to dismiss the Complaint
6  pursuant to Federal Rule of Civil Procedure 12(b)(5) for
7  insufficient service of process.
8         Federal courts cannot exercise personal jurisdiction
9  over a defendant without proper service of process.  <u>Omni Capital</u>
10 <u>Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).
11 Insufficient service can result in dismissal under Federal Rule
12 of Civil Procedure 12(b)(5).  To determine whether service of
13 process was proper, courts look to the requirements of Federal
14 Rule of Civil Procedure 4.  <u>See</u> Fed. R. Civ. P. 4.  Rule 4(h)
15 governs service over domestic and foreign corporations, and
16 provides that a corporation may be served:

17     (1) in a judicial district of the United States:

18         (A) in the manner prescribed by Rule 4(e)(1) for
            serving an individual; or
19
            (B) by delivering a copy of the summons and of the
20      complaint to an officer, a managing or general agent, or
        any other agent authorized by appointment or by law to
21      receive service of process and--if the agent is one
        authorized by statute and the statute so requires--by
22      also mailing a copy of each to the defendant; or

23      (2) at a place not within any judicial district of the
        United States, in any manner prescribed by Rule 4(f) for
24      serving an individual, except personal delivery under
        (f)(2)(C)(i).
25
Fed. R. Civ. P. 4(h).  Rule 4(e)(1), governing service of
26
individuals, allows service by:
27
        (1) following state law for serving a summons in an
28      action brought in courts of general jurisdiction in the

                                 2

1       state where the district court is located or where
        service is made; or
2
        (2) doing any of the following:
3
            (A) delivering a copy of the summons and of the
4       complaint to the individual personally;

5           (B) leaving a copy of each at the individual's
        dwelling or usual place of abode with someone of suitable
6       age and discretion who resides there; or

7           (C) delivering a copy of each to an agent authorized
        by appointment or by law to receive service of process.
8

9  Fed. R. Civ. P. 4(e)(1).

10              Plaintiffs have alleged that 1524948 Alberta Ltd. does
11 business as Terra Marketing Group and as Swipebids.com (Compl. at
12 1:24), and defendant does not dispute that it owns and operates
13 the Swipebids.com website and auction platform.  (See Decl. of
14 Benjamin H. Richman ¶ 2 (Docket No. 19-1).)  Plaintiffs contend
15 that Davinci was the registered agent of Swipebids.com for
16 service in the state of Utah.  They provide a listing of
17 registered principals in Utah, the authenticity of which
18 defendant has not disputed, listing Davinci Executive Suites as
19 the registered agent for Swipebids.com.  (Pls.' Response in Opp'n
20 to Def.'s Mot. to Quash Service of Process Ex. 1-B.)  The
21 registration was performed by Sphere Media, which is apparently
22 one of defendant's other names.  (See id. Ex. 1-D at 2.)  As
23 defendant has not contested the fact that it is registered for
24 service at the address where it was in fact served, the court
25 finds that service was proper under Rule 4(h)(1).

26              Even if service was not done in conformance with Rule
27 4, "[s]o long as a party receives sufficient notice of the
28 complaint, Rule 4 is to be 'liberally construed' to uphold

                                3

1  service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d
2  1132, 1135 (9th Cir. 2009) (quoting Chan v. Soc'y Expeditions,
3  Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)). The Ninth Circuit
4  applies a flexible approach to determine whether to permit the
5  defective service to stand. In Borzeka v. Heckler, 739 F.2d 444,
6  447 (9th Cir. 1984), the Ninth Circuit adopted a rule permitting
7  courts to overlook a non-compliant service of process provided
8  that (1) the party to be served received actual notice, (2) the
9  defendant would not be prejudiced by the defect in service, (3)
10 there was a justifiable excuse for the failure to properly serve,
11 and (4) the plaintiff would be severely prejudiced if the
12 complaint were dismissed. Id.

13         Defendant does not argue that it did not have actual
14 notice or that it would be prejudiced by maintaining the action,
15 and the court finds that the first two prongs are therefore met.

16         As to whether plaintiffs had a justifiable excuse for
17 failure to properly serve, they have sufficiently demonstrated
18 that the confusion surrounding the various names of defendant
19 constituted a justifiable excuse. Plaintiffs attempted service
20 of the Complaint on Swipebids.com at the address provided by the
21 Utah Secretary of State, on which they justifiably relied.

22         While plaintiffs have not argued that they would be
23 prejudiced if non-compliant service resulted in dismissal of the
24 suit, it is clear that at least some prejudice would result.
25 Dismissal and subsequent re-filing solely to perfect service of
26 process would burden the resources of the parties and the court.
27 Given the complete lack of prejudice to defendant, the fact that
28 actual notice was clearly accomplished, and the confusion, if not

4

1  purposeful obfuscation on the part of defendant in hiding behind
2  its multiple names leading to a potential technical defect in
3  service, the court finds that plaintiff substantially complied
4  with Rule 4.  Accordingly, the court will not dismiss the
5  Complaint for failure to properly serve defendant.  See Borzeka,
6  739 F.2d at 447.
7            IT IS THEREFORE ORDERED that defendant's motion to
8  dismiss plaintiffs' Complaint be, and the same hereby is, DENIED.
9  DATED:  January 28, 2011

            /s/ William B. Shubb
            WILLIAM B. SHUBB
            UNITED STATES DISTRICT JUDGE